UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

MICHAEL CHARETTE          :
                          :
        v.                :      C.A. No. 09-576S
                          :
PATRICIA MARTINEZ, Director of  :
the Rhode Island Department of Children,  :
Youth and Families, <u>et al.</u>   :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Plaintiff Michael Charette commenced this civil rights action under 42 U.S.C. § 1983 on November 30, 2009. He sues Patricia Martinez, Director of the Rhode Island Department of Children, Youth and Families ("DCYF"), and the DCYF itself and/or its unnamed personnel. (Document No. 1, ¶¶ 4, 5). Plaintiff is a state prison inmate. He sues on behalf of his twenty-two year old adult son, Michael Lewis, whom he alleges is "diagnosed with autism," is in "DCYF foster care," and lives "in the care of the state." Id. ¶¶ 7-9, 23. In a nutshell, Plaintiff alleges that his son's civil rights have been violated because he has been deprived of visits with his younger half-siblings.[1]

Plaintiff is proceeding <u>in forma pauperis</u> and thus the Court was obligated to preliminarily review the viability of Plaintiff's Complaint under 28 U.S.C. § 1915A. In doing so, the Court independently raised the issue of whether Plaintiff had legal standing or authority to pursue this case on his adult son's behalf. (Document No. 4). However, the case was allowed to proceed after such review because the Court did not have a sufficient record at the time to determine whether or not

---

[1] Plaintiff is not related to these half-siblings. According to Plaintiff, Mr. Lewis and his half-siblings share the same mother and the half-siblings are currently in the sole custody of their father.

Plaintiff's adult son is legally incompetent, whether or not the son already has a guardian or other appointed legal representative, and whether or not Plaintiff is qualified and/or authorized to pursue this action on his son's behalf. Id. (citing Fed. R. Civ. P. 17(c)).

**Discussion**

On August 31, 2010, Defendants moved to dismiss Plaintiff's Complaint alleging untimely service of process, lack of standing, lack of subject matter jurisdiction and qualified immunity. (Document No. 10). Plaintiff filed a timely opposition to the Motion (Document No. 14) and also filed Motions for a Competency Hearing and to Appoint a Suitable Representative. (Document Nos. 13 and 15). Defendants oppose Plaintiff's Motions primarily arguing that Plaintiff's adult son already has a duly appointed representative and that the pro se Plaintiff has no legal right to represent others in litigation including his adult son. The pending Motions have been referred to me for preliminary review, findings and recommended disposition. See 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). For the following reasons, I recommend that Defendants' Motion to Dismiss this action be GRANTED and Plaintiff's Motions be DENIED.

First, it is well established that a non-lawyer parent, such as Mr. Charette, cannot pursue a pro se lawsuit in Federal Court on behalf of his or her child. See Tindall v. Poultney High Sch. Dist., 414 F.3d 281, 284 (2nd Cir. 2005); and Gallo v. United States, 331 F. Supp. 2d 446, 447 (E.D. Va. 2004). Second, it is undisputed that Plaintiff has not been appointed as a guardian or legal representative of his adult son and thus he is not authorized to sue on his son's behalf under Fed. R. Civ. P. 17(c)(1). Third, it is undisputed that Plaintiff's adult son already has a legal guardian appointed under the authority of the Probate Court of the Town of Johnston. (See Document No.

15-1).[2]  "As a general rule, a federal court cannot appoint a guardian ad litem in an action in which the...incompetent already is represented by someone who is considered appropriate under the law of the forum state." 6A Charles Alan Wright, Arthur R. Miller & Marly Kay Kane, Federal Practice and Procedure § 1570 at p. 665 (2010).  Thus, the Court has no authority under Fed. R. Civ. P. 17(c)(2) to allow Plaintiff's adult son to sue by a next friend or to appoint a guardian ad litem for such purpose since the son is not "an incompetent person who does not have a duly appointed representative."  See Fed. R. Civ. P. 17(c)(2); see also Developmental Disabilities Advocacy Ctr., Inc. v. Melton, 689 F.2d 281, 285-286 (1st Cir. 1982).

Finally, since Plaintiff is not legally authorized to represent his adult son's legal interests and he alleges no personal claims or damages in this Complaint, Plaintiff lacks standing to pursue this action. See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc., 454 U.S. 464, 471-472 (1992) (In order to establish standing, "...at an irreducible minimum, Article III requires the party who invokes the Court's authority to show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant....") (citation omitted).

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motions for Competency Hearing (Document No. 13) and to Appoint Representative (Document No. 15) be DENIED, and that Defendant's Motion to Dismiss this action in its entirety (Document No. 10) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.

---

[2] Although Plaintiff is aware of the identity of his son's legal guardian and produced the Probate Court Order of Appointment, Plaintiff does not indicate if he or his son have asked the guardian to pursue this claim or, if asked, that the guardian has refused.

Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d  4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 6, 2010